**THE TORO COMPANY, a Delaware Corporation, and Exmark Mfg. Co., a Nebraska Corporation, Plaintiffs,**

v.

**SCAG POWER EQUIPMENT, INC., a Wisconsin Corporation, and Metalcraft of Mayville, Inc., a Wisconsin Corporation, Defendants.**

No. 8:01CV279.

United States District Court,
D. Nebraska.

Jan. 27, 2003.

Toni L. Bonney, Michael E. Husmann, Richard H. Marshall, Best & Friedrich LAw, Milwaukee, WI, David L. DeBruin, Jonathan H. Margolies, Michael, Best Law Firm, Shane M. Niebergall, Dennis L. Thomte, Thomte, Mazour Law Firm, Omaha, NE, Richard P. Jeffries, Kutak Rock, LLP, Omaha, NE, for Defendants.

Jeffrey C. Brown, Alan W. Kowalchyk, Earl D. Reiland, Mark D. Schuman, Merchant, Gould Law Firm, Minneapolis, MN, for Plaintiffs.

Donald S. Trevarthen, Bloomington, MN, for Toro Company.

MEMORANDUM AND ORDER

BATAILLON, District Judge.

I. *Introduction*

Scag and Metalcraft ("the defendants") move for summary judgment of invalidity of U.S. Patent No. 5,845,475 ("'475"). Filing No. 105. Exmark and Toro ("the

plaintiffs") oppose the motion. The parties have filed briefs and indexes of evidence.[1] Having carefully considered the parties' filings and the applicable law, I conclude that the defendants' motion must be denied.

## II. Background

Plaintiff Exmark is a wholly owned subsidiary of plaintiff Toro; it is located in Beatrice, Nebraska. Defendant Scag is a division of defendant Metalcraft of Mayville; together, they manufacture and sell riding and walk-behind mowers under the name "Advantage." The Patent and Trademark Office ("PTO") granted the '475 and '863 patents to Exmark in August 1998 and November 1999, respectively, on the improved flow control baffles and mulching baffles on its mowers. The '863 patent is a continuation of the '475 patent.

The plaintiffs allege that claims 1 and 2 of the '475 patent are infringed by Scag mowers with three-blade Advantage decks in combination with Mulch Master kits. The defendants do not contest this infringement, but affirmatively allege that the patent is invalid. Filing No. 179, Pretrial Order at 4, ¶ 14.

## III. Legal Standards

*Summary Judgment.* Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The proponent of a motion for summary judgment bears the initial responsibility of

showing the absence of a genuine issue of material fact which can be done by pointing to the lack of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must then set forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When viewing the evidence, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

██ *Invalidity.* A patent is rebuttably presumed to be valid. 35 U.S.C. § 282. The party attacking the validity of a patent must prove the invalidity of each claim by clear and convincing evidence. *Jones v. Hardy,* 727 F.2d 1524, 1528 (Fed.Cir.1984). The defendants here contend that the '475 patent is invalid because its claims are obvious. A patent is invalid if the differences between the invention and the prior art are such that the invention "as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a). The test under section 103 is "whether the claimed invention, considered as a whole, would have been obvious or nonobvious." *Jones v. Hardy,* 727 F.2d at 1529.

██ Whether an invention is invalid because obvious is a legal determination that depends on four factual findings: 1) the

---

1. The parties have other pending summary judgment motions. These will be addressed in subsequent orders. This memorandum and order is limited to resolution of the motion for summary judgment of invalidity on the '475 patent.

scope and content of the prior art; 2) differences between the claimed invention and the prior art; 3) the level of ordinary skill in the art; and 4) secondary considerations of nonobviousness, such as commercial success, long-felt but unresolved need, failure of others, and so on. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). According to the Federal Circuit, a district court is expected to make these *Graham* factual findings before invalidating a patent for obviousness, particularly "where the invention is less technologically complex, as is the case here."[2] *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 663, 664 (Fed.Cir.2000). Hence, a motion for summary judgment of invalidity based on obviousness is appropriate "when the factual inquiries into obviousness present no genuine issue of material facts." *Ryko Mfg. Co. v. Nu–Star, Inc.*, 950 F.2d 714, 718 (Fed.Cir.1991).

## IV. *Discussion*

The defendants contend that the '465 patent is invalid because claims 1 and 2 were obvious to those of ordinary skill in the art at the time of the alleged invention, based on a combination of prior art.

■ The defendants argue that the prior art Kidd patent discloses every element of the claims except the removable y-shaped mulcher baffle required by claims 1 and 2 and the third cutting blade required by claim 2. They further argue that the prior art Loehr patent taught a plurality of selectively removable mulcher baffles to close the throat portions between the blades.

When the Kidd and Loehr patents are combined, the defendants say, the only element not disclosed is the "generally y-shaped" mulcher baffles found in claim 1. But according to the testimony of their patent expert, Exmark's own prior art, the Micro–Mulch kit, discloses "generally y-shaped" mulcher baffles and the third cutting blade required by claim 2. The defendants therefore frame the only issue as whether one skilled in the art would be motivated to combine Exmark's prior art with Kidd's prior art. They discount the plaintiffs' argument that Exmark's prior art mulcher baffles were "birdwing" rather than "y-shaped" as well as the argument that the lack of a front flow control baffle in Exmark's prior art distinguishes it from the '475 mower.

Based on testimony of the inventor, an engineer, and a technical expert, the plaintiffs deny that the Micro–Mulch kit has generally y-shaped baffles. Rather, they contend, the Micro–Mulch kit has birdwing baffles that are semicircular rather than y-shaped. No other prior art, moreover, has y-shaped baffles. The plaintiffs distinguish the Kidd patent by noting that it nowhere mentions mulching or a mulching function, nor does it teach any front or rear baffle structure serving as a mulching unit.

Obviously, questions of fact remain about whether the Micro–Mulch kit had y-shaped or birdwing baffles and whether the Kidd patent suggested or taught mulching through the use of flow control baffles.

2. The court observed that easily understood inventions "may prompt one 'to fall victim to the insidious effect of a hindsight syndrome wherein that which only the inventor taught is used against its teacher.'" *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 664 (Fed.Cir.2000) (quoting *In re Dembiczak,* 175 F.3d 994, 999 (Fed.Cir.1999)). Although the defendants have elsewhere argued that the inventions at issue are complex, I disagree. The inventions in dispute are relatively simple mechanical devices that can be understood without the degree of advanced engineering knowledge that would be needed for more complex machines, devices, or processes.

Questions of fact also remain about whether one skilled in the art would have been motivated to combine prior art to arrive at the claimed invention. The defendants say that since the PTO found it obvious to combine the Kidd patent with the Loehr patent, combining the Kidd patent with Exmark's Micro–Mulch kit would be equally obvious to one looking to convert a side-discharge deck into a mulching deck. Those skilled in the art would have known that one method for making this conversion would have been to encircle the cutting blades with a shrouding structure. If one started with a Kidd deck, Loehr taught baffles or housings and the Micro–Mulch kit taught finishing the circle around the blades with a "generally y-shaped" baffle. The plaintiffs, however, observe that because the Kidd deck was not designed as a mulching mower and already had a front baffle, there would be little point in inserting the Micro–Mulch kit into the deck, the Micro–Mulch kit being designed to substitute as a front baffle.

Finally, the defendants insist that they are entitled to summary judgment because the *Graham* indicia of secondary obviousness have not been satisfied. The defendants say that there was no long-felt need for the claimed invention since removable mulcher baffles—whether y-shaped like the Exmark's Micro–Mulch kit or not—were already known in the art before the invention. Further, the defendants deny that they copied the '475 patent. That Scag's engineers came up with y-shaped baffles to completely encircle the cutting blades was a function of the configuration of the existing deck—not evidence of copying. Nor have the plaintiffs shown that the commercial success of their mowers is attributable to the '475 invention.

The plaintiffs deny that secondary obviousness exists in this case, since the evidence shows that Scag was unable to com-pete commercially until it copied the plaintiffs' mower incorporating the '475 and '863 patents. The plaintiffs also maintain that Scag failed to come up on its own with a design that accomplished what the plaintiffs' mowers could, proof that the invention Scag copied was not obvious to the mower industry. Given such diametrically opposed positions, the jury must be allowed to resolve factual issues involved.

Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment of invalidity of U.S. Patent No. 5,845,475, Filing No. 105, is denied.